UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD JOSEPH SOUCY, JR., on behalf
of himself and others similarly situated,

    Plaintiff,

v.

CAPITAL MANAGEMENT
SERVICES, LP, and WORLDWIDE
ASSET PURCHASING II, LLC

    Defendants.
_____

Case Number:

CLASS ACTION COMPLAINT

Jury Trial Demanded

### Nature of Action

1. This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### Jurisdiction and Venue

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Donald Joseph Soucy, Jr.'s ("Plaintiff") action occurred in this district, Plaintiff resides in this district, and Capital Management Services, LP ("Capital") and Worldwide Asset Purchasing II, LLC ("Worldwide") transact business in this district.

### Parties

4. Plaintiff is a natural person who at all relevant times resided in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Capital Management Services, LP ("Capital") is an entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which

1

is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

    7.    At all relevant times Capital was engaged, by use of the mails, in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

    8.    Capital is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

    9.    Worldwide is an entity that acquires consumer debt in default solely for the purpose of collecting it, and that acquired Plaintiff's debt while it was in default.

    10.    At all relevant times Worldwide was engaged, directly or indirectly, in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

    11.    Worldwide is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

    12.    Plaintiff is obligated, or allegedly obligated, to pay a debt (the "Debt") currently owed or due, or asserted to be owed or due Worldwide, and once owed or due, or asserted to be owed or due Bank of America, NA, USA.

    13.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due Worldwide arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

    14.    In an attempt to collect the Debt, on November 23, 2014, Capital mailed to Plaintiff a letter that reads, in part:

> Original Creditor: Bank of America, NA, USA
> Current Creditor: WORLDWIDE ASSET PURCHASING II, LLC
> Account#: ▮▮▮▮▮▮▮▮▮▮
> Balance: $41596.11
>
> \*\*\*

> This company has been engaged by Worldwide Asset Purchasing II LLC to resolve your delinquent debt. As of the date of this letter you owe $41596.11.
>
> \*\*\*
>
> This is an attempt to collect a debt: any information obtained will be used for that purpose. This communication is from a debt collector.

*See* Exhibit A.

15. Capital enclosed with its November 23, 2013 letter disclosures that read, in part:

> INFORMATION WE MAY SHARE WITH OUR AFFILIATES - We may share identification (such as name and address), information about our transactions and experiences with you (such as payment history), and information that does not identify you, with our affiliates. By sharing this information, we are better able to service your accounts.
>
> \*\*\*
>
> INFORMATION WE MAY SHARE WITH NONAFFILIATED COMPANIES - We share all of the information we collect about you, as described above, with nonaffiliated companies, as permitted by law, to assist in the servicing of your account(s). For example, we:
>
>> 1. May share information about you with companies that we use to perform account servicing functions to manage and maintain your account and to process transactions that you have authorized; and
>>
>> 2. May report information about you to consumer reporting agencies, government agencies in response to a subpoena, or others in connection with investigations. (For example, if your account is closed as a result of a payment, settlement or otherwise, we report this to consumer reporting agencies.)

*See* Exhibit B.

16. Upon information and belief, Capital, on behalf of Worldwide, as a matter of pattern and practice, and in connection with the collection of debts, sends disclosures to consumers that are materially identical to the disclosures that it sent to Plaintiff on November 23, 2014.

## Class Allegations

17. Plaintiff brings this action on behalf of himself and others similarly situated.

18. Plaintiff seeks to represent a class of individuals defined as:

> All persons (1) located in Illinois, (2) to whom Capital sent, (3) within the year preceding the date of this complaint, (4) and in connection with the collection of a consumer debt on behalf of Worldwide, (5) disclosures materially identical to those that it sent to Plaintiff on November 23, 2013.

19. The class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of The United States Supreme Court, all officers and agents of Capital and Worldwide, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

20. Upon information and good faith belief, the class members are so numerous that joinder of all class members is impracticable.

21. The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

22. Upon information and good faith belief, the class members are ascertainable in that their names and addresses can be identified in business records maintained by Capital and Worldwide.

23. There exists a well-defined community of interest in the questions of law and fact that affect the class members.

24. Plaintiff's claims are typical of the class members' claims.

25. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Capital and Worldwide.

26. Plaintiff's claims are based on the same theory as are the class members' claims.

4

27. Plaintiff suffered the same injuries as each class member.

28. Plaintiff will fairly and adequately protect the class members' interests in this matter.

29. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

30. Plaintiff will vigorously pursue the class members' claims in this matter.

31. Plaintiff has retained counsel experienced and competent in class action litigation.

32. Plaintiff's counsel will vigorously pursue this matter.

33. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

34. The questions of law and fact common to all class members predominate over questions that may affect individual class members.

35. Issues of law and fact common to all class members are:

    a. Capital's and Worldwide's violations of the FDCPA;

    b. The existence of Capital's and Worldwide's identical conduct;

    c. The availability of statutory penalties; and

    d. The availability of attorneys' fees and costs.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

37. If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

38. The pursuit of separate actions by individual class members may, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

39. The pursuit of separate actions by individual class members could create a risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for Capital and Worldwide.

40. These varying adjudications and incompatible standards of conduct, in connection with the presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

41. The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually could make it impracticable for the class members to redress the wrongs done to them.

42. The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

43. There will be no difficulty in the management of this action as a class action.

44. Capital and Worldwide have acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 15 U.S.C. § 1692e(5)

45. Plaintiff repeats and re-alleges each factual allegation above.

46. The FDCPA at Section 1692e(5) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

6

> \* \* \*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5).

47. Capital and Worldwide implied that they had a legal right to collect and share nonpublic information about Plaintiff, including information about the Debt, without his prior consent.

48. Capital and Worldwide stated that they had the legal authority to disclose nonpublic personal information about him, including information about the Debt, and then stated that they might, in fact, share such information with other parties.

49. Upon receiving and reading Capital's and Worldwide's disclosures, the only reasonable conclusion that an unsophisticated consumer could reach is that Capital and Worldwide were claiming a legal right to disclose nonpublic information about Plaintiff, including information about the Debt, that they had obtained as a consequence of attempting to collect the Debt, and were threatening to do so.

50. Capital and Worldwide did not have the right to disclose the nonpublic information about Plaintiff that they had obtained as a consequence of attempting to collect the Debt.

51. In fact, the FDCPA precluded Capital and Worldwide from doing so. *See* 15 U.S.C. § 1692c(b).

52. Capital and Worldwide violated 15 U.S.C. § 1692e(5) by threatening to take an action that they could not legally take or that they did not intend to take. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 802 (7th Cir. 2009); *Hernandez v. Midland Credit Mgmt., Inc.*, No. 04 C 7844, 2007 WL 287409, at \*14 (N.D. Ill. Sept. 25, 2007).

**Count II**
**Violation of 15 U.S.C. § 1692e(10)**

53. Plaintiff repeats and re-alleges each factual allegation above.

54. The FDCPA at Section 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

55. Capital and Worldwide implied that they had a legal right to collect and share nonpublic information about Plaintiff, including information about the Debt, without his prior consent.

56. Capital and Worldwide stated that they had the legal authority to disclose nonpublic personal information about Plaintiff, including information about the Debt, and then stated that they might, in fact, share such information with other parties.

57. Upon receiving and reading Capital's and Worldwide's disclosures, the only reasonable conclusion that an unsophisticated consumer could reach is that Capital and Worldwide were claiming a legal right to disclose the nonpublic information about Plaintiff, including information about the Debt, that they had obtained as a consequence of attempting to collect the Debt, and were threatening to do so.

58. Capital and Worldwide did not have the right to disclose the nonpublic information about Plaintiff that they had obtained as a consequence of attempting to collect the Debt.

8

59. In fact, the FDCPA precluded Capital and Worldwide from doing so. *See* 15 U.S.C. § 1692c(b).

60. Capital and Worldwide violated 15 U.S.C. § 1692e(10) by using false or deceptive means to collect, or attempt to collect the Debt from Plaintiff. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 802 (7th Cir. 2009); *Hernandez v. Midland Credit Mgmt., Inc.*, No. 04 C 7844, 2007 WL 2874059, at *14 (N.D. Ill. Sept. 25, 2007).

### Trial by Jury

61. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action under Fed. R. Civ. P. 23;

b) Certifying Plaintiff as class a representative;

c) Appointing Plaintiff's counsel as class counsel;

d) Adjudging that Capital and Worldwide violated 15 U.S.C. § 1692e(5) and 15 U.S.C. 1692e(10);

e) Awarding Plaintiff, and members of the proposed class, statutory damages;

f) Awarding Plaintiff, and members of the proposed class, reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding other and further relief as this Court may deem just and proper.

Dated August 4, 2014          Respectfully submitted,

                                           /s/Aaron D. Radbil
                                           Aaron D. Radbil
                                           Greenwald Davidson PLLC
                                           5550 Glades Road, Suite 500
                                           Boca Raton, Florida 33431
                                           561.826.5477
                                           561.961.5684 (facsimile)
                                           aradbil@mgjdlaw.com