Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                 :

IN RE                             :      MDL No. 1409
                                 :

CURRENCY CONVERSION FEE    :      M 21-95
ANTITRUST LITIGATION         :
                                 :
                                 :
———————————————————— x    Index No.  05 CV 7116 (WHP)

THIS DOCUMENT RELATES TO:   :

ROBERT ROSS, et al.,           :

Plaintiffs,                  :

-against-                   :

BANK OF AMERICA, N.A, (USA) et al., :

Defendants.               :
                                 :
———————————————————— x

# STIPULATION AND AGREEMENT OF SETTLEMENT WITH BANK OF AMERICA, N.A. (USA) (N/K/A FIA CARD SERVICES, N.A.) AND BANK OF AMERICA, N.A.

# TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| 1. | Recitals. | 1 |
| 2. | Definitions. | 4 |
| 3. | Bank of America's Obligations to the Settlement Class Under this Settlement Agreement. | 10 |
| 4. | Class Certification. | 12 |
| 5. | Cooperation Agreement. | 13 |
| 6. | Preliminary Approval of Settlement. | 14 |
| 7. | Notice Plan. | 15 |
| 8. | Motion for Entry of Final Judgment. | 16 |
| 9. | Final Settlement Approval. | 18 |
| 10. | Best Efforts to Effectuate This Settlement. | 19 |
| 11. | Effect on Other Statutes, Regulations and Laws. | 20 |
| 12. | Releases and Covenants Not To Sue. | 21 |
| 13. | Application of the Settlement to After-Acquired Portfolios or Accounts, and to Transfers or Assignments to a Third Party | 23 |
| 14. | Duration of Settlement Agreement. | 24 |
| 15. | Attorneys' Fees and Costs. | 25 |
| 16. | Preservation of Discovery Materials. | 26 |
| 17. | Confidentiality Protection. | 27 |
| 18. | Termination or Disapproval. | 28 |
| 19. | This Settlement Is Not an Admission. | 30 |
| 20. | Binding Effect. | 31 |
| 21. | Integrated Agreement. | 32 |
| 22. | Headings. | 33 |
| 23. | No Party Is the Drafter. | 34 |

24.     Choice of Law. ............................................................................................. 35

25.     Authorization to Enter Settlement Agreement. .............................................. 36

26.     Signature.......................................................................................................... 37

27.     Resolution of Disputes; Jurisdiction. ............................................................. 38

28.     No Disparagement. .......................................................................................... 39

1.          **Recitals.**

This Stipulation and Agreement of Settlement (including its exhibits, the

"Settlement Agreement") is made and entered into on February 23, 2010, and is to be submitted

to the Court for its approval as set forth below.  This Settlement Agreement is entered into on

behalf of the Representative Plaintiffs and the Settlement Class, by and through Plaintiffs'

Co-Lead Counsel; and defendants Bank of America, N.A. (USA), now known as FIA Card

Services, N.A., and Bank of America, N.A. (collectively, "Bank of America"), by and through

their respective authorized signatories (all of the above collectively referred to as the "Parties").

WHEREAS, the Class Action Complaint was filed on August 11, 2005;

WHEREAS, the First Amended Class Action Complaint was filed on June 5,

2009;

WHEREAS, Bank of America's Second Amended Answer to the First Amended

Class Action Complaint was filed on July 17, 2009;[1]

WHEREAS, Bank of America's Third Amended Answer to the First Amended

Class Action Complaint was filed on October 23, 2009;

WHEREAS, Plaintiffs contend that they are entitled to injunctive relief for loss or

damage, or threatened loss or damage, by a violation of the antitrust laws arising from Bank of

America's (and the other Defendants') alleged conduct;

WHEREAS, Bank of America denies that it, its predecessors, or any entity

affiliated with it engaged in any unlawful conduct or was party to any alleged unlawful

---

[1] Bank of America answered Plaintiffs' initial complaint on December 18, 2008, and it filed an amended answer to that complaint on January 8, 2009.  When Bank of America answered Plaintiffs First Amended Class Action Complaint, it styled that answer as a "Second Amended" answer.  Bank of America did not submit an answer to the First Amended Class Action Complaint prior to its "Second Amended" answer dated July 17, 2009.

conspiracy or agreement with respect to the allegations in the First Amended Class Action Complaint;

WHEREAS, arm's length settlement negotiations have taken place between the Representative Plaintiffs, by Plaintiffs' Co-Lead Counsel, and Bank of America;

WHEREAS, after investigation of the facts and after carefully considering applicable law, the Representative Plaintiffs and Plaintiffs' Co-Lead Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure benefits to the Settlement Class; and that the terms and conditions of this Settlement Agreement, and the settlement contemplated hereby, are fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, Bank of America, despite its good faith belief that it is not liable regarding any of the Claims in the First Amended Class Action Complaint and has valid defenses, enters into this Settlement Agreement to avoid the further risk, expense, inconvenience and burden of this Litigation, and the distraction and diversion of its personnel and resources, and to obtain the conclusive and complete dismissal of the First Amended Class Action Complaint as to Bank of America; and

WHEREAS, the Parties agreed to a Memorandum of Settlement, dated December 11, 2009;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned, on behalf of the Representative Plaintiffs, the Settlement Class, and Bank of America, that the First Amended Class Action Complaint shall be dismissed on the merits and with prejudice as to Bank of America, upon entry of "Final Judgment and Order of

Dismissal with Respect to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A.," and the First Amended Class Action Complaint in its entirety shall be finally and fully compromised and settled as to Bank of America, subject to the approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

2. <u>**Definitions.**</u>

For purposes of this Settlement Agreement only, the words and terms used in this Settlement Agreement that are expressly defined in this Section or elsewhere in this Settlement Agreement shall have the meaning ascribed to them in those definitions.

(a) "Bank of America" has the meaning given to it in the initial paragraph of this Settlement Agreement.

(b) "Bank of America-Affiliated Witness" has the meaning given to it in Paragraph 5(c) of this Settlement Agreement.

(c) "American Express" means American Express Company, and its subsidiaries American Express Travel Related Services, Inc., American Express Centurion Bank and American Express Bank, FSB.

(d) "Arbitration Clause" means the terms and conditions contained in any document purportedly binding cardholders – including but not limited to correspondence, change-in-terms notices, cardholder agreements,[2] initial disclosures, solicitations or billing statements – that, at the election of one party, requires the use of arbitration or other binding, out-of-court procedures to resolve disputes between a Bank Defendant (as well as any other Defendant or third party, American Express or Wells Fargo), on the one side, and a cardholder on the other side. "Arbitration Clause" includes "Class Action Waiver Clause."

(e) "Bank Defendants" means Bank of America; Capital One Bank (USA), N.A. and Capital One, N.A. (collectively, "Capital One"); JPMorgan Chase & Co. and Chase Bank USA, N.A. (collectively, "Chase"); Citigroup, Inc., Citibank (South Dakota) N.A., Citibank USA, N.A., Universal Bank, N.A., Universal Financial Corp., and Citicorp Diners Club, Inc.

---

[2] The use of the term "agreement" throughout this Settlement Agreement is for convenience. Plaintiffs do not agree or concede that there is any "agreement" between issuers and cardholders either as a matter of fact or law.

("Diners Club") (collectively, "Citibank"); DFS Services LLC, Discover Financial Services, and Discover Bank (collectively, "Discover"); and HSBC Finance Corporation and HSBC Bank Nevada, N.A. (collectively, "HSBC").

(f) "CAFA" means the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715.

(g) "Cardholder" means any Person (defined below) who holds a Credit Card issued by a Bank Defendant.

(h) "Carved Out Claims" are Claims for monetary relief arising from any alleged damage or injury allegedly experienced by a member of the Settlement Class as a result of Bank of America's invocation or enforcement of an Arbitration Clause or Class Action Waiver Clause in a United States Cardholder Agreement against that Settlement Class member. Carved Out Claims include but are not limited to any and all claims relating to (i) the use of NAF arbitration proceedings to seek the collection of actual or alleged cardholder debts, and (ii) any act or omission undertaken in anticipation of, in connection with, incident to, referencing the fact or possibility of, or to enforce the results of such NAF proceedings. Notwithstanding the foregoing, Carved Out Claims do not include (x) the claims of individuals who did not experience the invocation or enforcement of an Arbitration Clause or Class Action Waiver Clause in a United States Cardholder Agreement as a named party in litigation or arbitration (*e.g.*, a claim that an individual experienced the enforcement of an Arbitration Clause solely as an absent class member is not a Carved Out Claim), and (y) claims of the Representative Plaintiffs.

(i) "Claims," for the purposes of defining "Carved Out Claims" (¶ 2(h) above) and "Released Claims" (¶ 2(aa) below), means any and all claims, actions, causes of action,

5

liabilities, damages (whether actual, nominal, punitive, exemplary, or otherwise), injunctive relief, costs, fees, attorneys' fees, or penalties of any kind.

(j)     "Class Action Waiver Clause" means any terms or conditions, in any document purportedly binding cardholders – including but not limited to correspondence, change-in-terms notices, cardholder agreements, initial disclosures, solicitations or billing statements – purporting to prohibit and/or restrict cardholder's participation (whether as a representative or absent participant) in any form of collective action, including but not limited to class actions, class arbitration, private attorney general actions or any other representative proceeding.

(k)     "Consumer/Small Business Credit Card" means any Credit Card held by any Person (defined below) pursuant to a United States Cardholder Agreement, or other similar document, that is not subject to individualized negotiation; provided that, for purposes of this Settlement Agreement only, Consumer/Small Business Credit Cards do not include Corporate or Commercial Business Credit Cards issued by Bank of America.

(l)     "Court" means the United States District Court for the Southern District of New York, the Honorable William H. Pauley III, presiding.

(m)     "Credit Card" means a general purpose payment card that extends to Cardholders a revolving line of credit or that require payment of an amount due by a due date.  For avoidance of doubt, solely for purposes of use herein, Credit Card includes, without limitation, cards commonly known as credit cards and charge cards, but does not include debit cards, ATM cards, stored value cards, gift cards, or non-general purpose store cards.

(n)     "Defendants" means the Bank Defendants (including Bank of America) and defendant National Arbitration Forum ("NAF").

(o)      "Effective Date" means the date on which the Court enters the proposed preliminary approval order (or materially identical order), as addressed in Section 6 hereof and attached hereto at Exhibit 1.

(p)      "Final Judgment and Order of Dismissal with Respect to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A." (or "Final Judgment and Order of Dismissal") means the entry by the Court of an order and final judgment in all material respects in the form attached as Exhibit 2 to this Settlement Agreement.

(q)      "Final Settlement Approval" shall have the meaning set forth in Section 9 hereof.

(r)      "First Amended Class Action Complaint" means the First Amended Class Action Complaint, which was filed in the Litigation on June 5, 2009.

(s)      "Forbearance Period" means the period specified in Paragraph 3(b) hereof.

(t)      "Litigation" means *Ross, et al. v. Bank of America, N.A. (USA) et al.*, No. 05-CV-7116 (S.D.N.Y.) (WHP), including, without limitation, any appeals or requests for leave to appeal therefrom, and any matters asserted in the First Amended Class Action Complaint, pleadings, filings, interrogatory responses, or other papers filed or served in the Litigation.

(u)      "Mailings" means the issuance of new agreements or change-in-terms notices, or other form of notice, to Bank of America's Consumer/Small Business Credit Card Cardholders.

(v)      "MOS Date" means December 11, 2009, the date on which the Memorandum of Settlement was executed.

(w)     "Period in Suit" means the period from the first Bank Defendant's adoption of an Arbitration Clause in its consumer Credit Card agreement through the date of execution of this Settlement Agreement.

(x)     "Persons" includes, without limitation, natural persons, firms, banks, corporations, businesses, limited liability companies, partnerships, savings and loan institutions, credit unions, depository institutions, federal, state and other governments and their political subdivisions, agencies and instrumentalities, and all other entities.

(y)     "Plaintiffs' Co-Lead Counsel" means Berger & Montague, P.C, Coughlin Stoia Geller Rudman & Robbins LLP, Hulett Harper Stewart LLP and Scott + Scott LLP.

(z)     "Pro Rata Settling Defendant Basis" means the calculation of a fraction equal to the subject Defendant's maximum payment for notice costs divided by the sum of all Settling Defendants' maximum payments for notice costs.  For purposes of this definition, "Settling Defendants" means those Defendants that have entered into a Memorandum of Settlement or a Stipulation and Agreement of Settlement (*i.e.*, a final settlement agreement) as of the time of the calculation described in Paragraph 7(c) hereof.

(aa)    "Released Claims" means any and all actual or potential Claims, other than Carved Out Claims, (i) which arise in whole or in part out of the adoption or inclusion of an Arbitration Clause or Class Action Waiver Clause in a United States Cardholder Agreement, or (ii) which are, have been, or could have been asserted within the scope of the facts asserted in the Litigation.  Notwithstanding the foregoing, "Released Claims" do not include claims arising from acts or omissions occurring on or after (x) the date on which class notice is published, or (y) the date on which Bank of America's United States Cardholder Agreements are amended pursuant to Paragraph 3(a) of this Settlement Agreement, whichever occurs first.

(bb)    "Released Parties" means Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), and Bank of America, N.A., together with their predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock or other ownership interests) and assigns; the past, present and future, direct and indirect, parents (including, but not limited to, holding companies), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners (including, without limitation, affinity, agent bank, and co-brand contractual parties), officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

(cc)    "Representative Plaintiffs" or "Plaintiffs" means the named plaintiffs in the First Amended Class Action Complaint:  S. Byron Balbach, Jr., Woodrow W. Clark, Matthew Grabell, Paul Impellezzeri, Andrea Kune, Richard Mandell, Robert Ross, and Herve Senequier.

(dd)    "Settlement Class" means the Class and Subclass, as those terms are defined in Section 4.

(ee)    "Signature Date" means February 23, 2010.

(ff)    "United States Cardholder Agreement" means the terms applicable between an issuer and the holder of a Consumer/Small Business Credit Card when (i) the issuing bank is based in the United States, and (ii) the terms are under United States law or the laws of one of the states of the United States, and (iii) the Credit Card is issued in the United States.

(gg)    "Wells Fargo" means Wells Fargo & Company and its wholly-owned subsidiary Wells Fargo Bank, N.A.

**3.**       **Bank of America's Obligations to the Settlement Class Under this Settlement Agreement.**

(a)       Bank of America will remove any and all Arbitration Clauses and the Class Action Waiver Clauses from its United States Cardholder Agreements by mailing new agreements, change-in-terms notices or other form of notice to (i) all of its Consumer/Small Business Credit Card cardholders who will receive a 2010 annual privacy notice pursuant to 12 C.F.R. § 40.5, and (ii) all cardholders of newly-opened Consumer/Small Business Credit Card accounts who have Arbitration Clauses or Class Action Waiver Clauses in their United States Cardholder Agreements with Bank of America.  Such Mailings will be substantially completed within sixty (60) days following May 1, 2010.

(b)       Bank of America will not restore or otherwise insert into its United States Cardholder Agreements either an Arbitration Clause or a Class Action Waiver Clause within three and one half (3.5) years following May 1, 2010; provided, however, that if Bank of America fails to substantially complete the required Mailings within 60 days of May 1, 2010, the Settlement Agreement will remain effective, but the commencement of the Forbearance Period shall be extended by the same amount of time by which Bank of America is late in substantially completing the Mailings.

(c)       Effective on the MOS Date, Bank of America will not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements, except that Bank of America may seek to enforce Arbitration Clauses or Class Action Waiver Clauses:

(i)       as provided in Paragraph 12(d) below;

(ii)       as against a member of the Settlement Class who, after being offered the choice in writing by Bank of America, opts in writing for an existing Consumer/Small

Business Credit Card-related arbitration to continue in arbitration rather than being refiled in court;[3] and

      (iii)    as against a member of the Settlement Class (a) with whom Bank of America is subject to a United States Cardholder Agreement that requires Bank of America to arbitrate Consumer/Small Business Credit Card-related disputes *and* (b) who maintains that a Consumer/Small Business Credit Card-related dispute with Bank of America cannot proceed in court because Bank of America is required to arbitrate the dispute in question.

For the avoidance of doubt, to the extent that Bank of America has, prior to the MOS Date, obtained any arbitration awards, judgments, or court rulings based in whole or in part on an Arbitration Clause or Class Action Waiver Clause in a United States Cardholder Agreement in any matter, Bank of America is not precluded from seeking to enforce or uphold such awards, judgments or court rulings.

      (d)    Bank of America will not contract, combine, or conspire with any other credit card issuer regarding the re-imposition or re-adoption of an Arbitration Clause or Class Action Waiver Clause.  Nothing herein will be construed or deemed to be an admission or evidence of any violation of any statute, law or legal principle, or of any liability or wrongdoing, by Bank of America, anyone acting on Bank of America's behalf, or any of the Released Parties.

      (e)    The Court shall maintain continuing jurisdiction to address any alleged violation of this Section 3 of this Settlement Agreement, and also to enforce this Section 3, as provided by Section 27.

---

[3] Where a member of the Settlement Class has (a) initiated a claim or a counter-claim in arbitration, (b) is offered the choice of proceeding in court, and (c) elects to proceed in court, Bank of America agrees not to assert any limitations period (or similar) defense, except as it would have been available at the time the arbitration claim or counter-claim was made.

4.        **Class Certification.**

Pursuant to the Court's Order dated October 6, 2009, the Class and Subclass are

defined as follows:

(a)      A class consisting of all persons holding during the Period in Suit a Credit Card
under a United States Cardholder Agreement with any of the Bank Defendants
(including, among other cards, cards originally issued under the MBNA, Bank
One, First USA and Providian brands), but not including members of the
proposed Subclass, subject to an Arbitration Clause relating to their cards (the
"Class"); and

(b)      A subclass consisting of all persons holding during the Period in Suit a Credit
Card under a United States Cardholder Agreement with Discover, which
cardholders have not previously successfully exercised their right to opt out of
Discover's Arbitration Clause (also referred to as the "Arbitration of Disputes
Provision") (the "Subclass").[4]

---

[4] Reference to Discover's "opt-out" provision is not intended to reflect a finding that Discover's
opt-out provision was either meaningful or effective, whether as a matter of fact or as a legal
issue.  As such, it is not intended to preclude any Party from arguing any position on this issue
or to pre-judge the issue.

5.        **Cooperation Agreement.**

(a)       Bank of America and Plaintiffs will cooperate with each other in good faith regarding (i) discovery requests from Plaintiffs relating to the Litigation and (ii) limiting the burden that such discovery requests imposes on Bank of America.

(b)       Such cooperation shall extend to cooperation regarding the resolution of privilege disputes regarding Bank of America's documents, but shall not require Bank of America to waive valid claims of privilege or work product.  The Parties shall resolve in good faith any concerns regarding assertions of privilege.

(c)       With respect to making witnesses available for deposition or trial in connection with the Litigation, Bank of America will make available, to the best of its ability, up to eight (8) witnesses currently or formerly employed by Bank of America or a Bank of America predecessor institution (a "Bank of America-Affiliated Witness").  A Bank of America-Affiliated Witness who appears for deposition will not also be required to appear at trial unless Plaintiffs are unable to enter into evidence the relevant portions of the deposition transcript relating to that witness. Plaintiffs will not seek the deposition or appearance at trial of more than the eight (8) Bank of America-Affiliated Witnesses contemplated in this paragraph.  Each such Bank of America-Affiliated Witness shall be made available at Bank of America's expense and any interview or deposition shall be conducted at a location agreed to by the Parties.

(d)       Unless this Settlement Agreement is rescinded, disapproved, or otherwise fails to take effect, the Parties' obligations to cooperate under this Settlement Agreement shall continue until the date that final judgment has been rendered in the Litigation against all Defendants, and shall terminate at that time.

6.          **Preliminary Approval of Settlement.**

At a time to be set by the Court, Plaintiffs' Co-Lead Counsel shall submit to the Court a motion for Preliminary Approval of this Settlement Agreement, and the settlement contemplated hereby, including the disbursement of monies designated for notice costs.  A copy of a proposed form of order preliminarily approving the settlement ("Order Preliminarily Approving Class Action Settlement as to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A.") is attached at Exhibit 1.  No later than ten (10) days after the filing of the motion for Preliminary Approval, Bank of America shall submit to the Court any additional filings or materials pertaining to the motion for Preliminary Approval, including, but not limited to, any materials demonstrating their compliance with CAFA.

7.        **Notice Plan.**

(a)        In connection with the motion described in Section 6 above, Plaintiffs' Co-Lead Counsel shall submit to the Court for its approval under Rule 23 of the Federal Rules of Civil Procedure the plan for notice to the Settlement Class (the "Notice Plan"), a copy of which is attached hereto as Exhibit 3 (which includes, *inter alia*, a Notice (attached as Exhibit 4 hereto)), which in their opinion fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

(b)        The Parties agree that the terms of the Notice Plan and Notice are sufficient to satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

(c)        If, as a condition of approval of this Settlement Agreement, the Court or a reviewing court requires either (i) individual notice of the Settlement Agreement or (ii) publication or such other notice where Bank of America's share of the costs, on a Pro Rata Settling Defendant Basis is more than one hundred thousand dollars ($100,000), then Bank of America, Plaintiffs' Co-Lead Counsel and Plaintiffs each will have the option to void this Settlement Agreement *ab initio* within twenty one (21) days of such ruling.  In the event that the Settlement Agreement is not approved or does not become effective following the publication of notice to the Settlement Class, Bank of America (i) will not seek to recover the costs of such notice from Plaintiffs or Plaintiffs' Co-Lead Counsel, (ii) will receive its share, on a Pro Rata Settling Defendant Basis, of any funds paid into the Escrow pursuant to Paragraph 15(b) of this Settlement Agreement which were not used to cover notice costs, and (iii) may request a declaration from Plaintiffs' Co-Lead Counsel stating and itemizing the amount spent on notice costs.

8.  **Motion for Entry of Final Judgment.**

(a)  Plaintiffs' Co-Lead Counsel shall submit to the Court a motion for entry of an order and final judgment.  A copy of a proposed form of order and final judgment ("Final Judgment and Order of Dismissal with Respect to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A."), which Plaintiffs' Co-Lead Counsel, at a time to be set by the Court, shall submit to the Court for its approval in connection with the motion described in this Section 8, is attached hereto as Exhibit 2.  Among other things, it:

(i)  certifies that any applicable requirements of CAFA have been met;

(ii)  grants final approval to this Settlement Agreement and the settlement contemplated hereby as being a fair, reasonable and adequate settlement for all Settlement Class members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions;

(iii)  dismisses the First Amended Class Action Complaint with prejudice, and (except as provided for in this Settlement Agreement) without costs, in favor of Bank of America but not as to any non-settling Defendant under Rule 54(b) of the Federal Rules of Civil Procedure; and

(iv)  reserves to the Court exclusive personal and subject matter jurisdiction with respect to the resolution of all matters relating to the implementation or enforcement of this Settlement Agreement and the Final Judgment and Order of Dismissal.

(b)  The Parties agree to recommend and to use their best efforts to obtain entry of the Final Judgment and Order of Dismissal, and to do nothing inconsistent therewith.

(c)  At the time that Plaintiffs' Co-Lead Counsel submits to the Court a motion for entry of an order and final judgment, Plaintiffs' Co-Lead Counsel shall submit to the Court a motion for the approval of the payment of attorneys' fees and litigation expenses, and the disbursement of monies designated for notice costs.  A copy of a proposed form of order and

16

judgment (entitled "Judgment Approving Attorneys' Fees and Costs, and the Disbursement of Monies Designated for Notice Costs in Connection with the Settlement as to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N,A, HSBC Finance Corporation, and HSBC Bank Nevada, N.A."), which Plaintiffs' Co-Lead Counsel, at a time set forth by the Court, shall submit to the Court for its approval in connection with the motion described in this Paragraph, is attached hereto as Exhibit 5.

(d)     The Parties agree that the addition of other settling Defendants (and terms related to those settling Defendants) to (i) the proposed Order Preliminarily Approving Class Action Settlement as to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A., (ii) the proposed Final Judgment and Order of Dismissal with Respect to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A., or (iii) to the proposed Judgment Approving Attorneys' Fees and Costs, and the Disbursement of Monies Designated for Notice Costs in Connection with the Settlement as to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A., attached at Exhibits 1, 2 & 5, does not constitute a material alteration of the revised proposed orders.

9.      **Final Settlement Approval.**

(a)      This Settlement Agreement shall become final upon the occurrence of the last of

the following events ("Final Settlement Approval"):

(i)      final approval of this Settlement Agreement, and the settlement
contemplated hereby, including the approval of the payment of attorneys'
fees and costs, and the disbursement of monies designated for notice costs,
in all respects by the Court;

(ii)      entry of the Final Judgment and Order of Dismissal with Respect to
Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services,
N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA,
N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC
Finance Corporation, and HSBC Bank Nevada, N.A. in all material
respects in the form of Exhibit 2 hereto; and

(iii)      expiration of the time for further judicial review, or the time to seek
permission for further judicial review, of the Court's approval of this
Settlement Agreement and the settlement contemplated hereby, and the
Court's entry of the Final Judgment and Order of Dismissal, without the
filing of a request for further judicial review or an effort to seek
permission for further judicial review, or, if such further judicial review or
effort to seek permission for such further judicial review is sought,
(A) such further judicial review or effort to seek permission for such
further judicial review has been dismissed and the time to seek any further
judicial review has expired, or (B) approval of this Settlement Agreement
and the settlement contemplated hereby, and the Final Judgment and
Order of Dismissal, have been affirmed in their entirety by the court of last
resort from which further judicial review has been sought and such
affirmance has become no longer subject to the possibility of further
judicial review.

(b)      The provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be

taken into account in determining any of the times stated in Paragraph 9(a)(iii) above.

(c)      For avoidance of doubt, no Party shall have any right to terminate this Settlement

Agreement after Final Settlement Approval.

10.        **Best Efforts to Effectuate This Settlement.**

The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to obtain approval of this Settlement Agreement and the settlement contemplated hereby, and shall do nothing inconsistent therewith.

11.        **Effect on Other Statutes, Regulations and Laws.**

(a)        With respect to events occurring after the MOS Date, Bank of America's agreement to settle this matter does not reduce, eliminate or otherwise curtail any obligation Bank of America may have under present or future applicable statutes, regulations or other laws concerning Arbitration Clauses and/or Class Action Waiver Clauses.

(b)        With respect to events occurring after the MOS date, this Settlement Agreement shall not supersede or reduce any protections conferred on cardholders by legislation or regulation with respect to Arbitration Clauses and/or Class Action Waiver Clauses.

12.        **Releases and Covenants Not To Sue.**

(a)        For avoidance of doubt, this Release does not encompass the claims asserted

against American Express in *Ross, et al. v. American Express Co., et al.*, No. 04-CV-05723

(S.D.N.Y.) (WHP).  In addition, in the event that the current settlement of *In re Currency*

*Conversion Fee Antitrust Litig.*, Master File No. M21-95, MDL No. 1409 (S.D.N.Y.) (WHP)

("*Currency Conversion*"), is not finally approved, nothing in this Settlement Agreement will

prevent (or entitle) Plaintiffs from offering discovery taken in this Litigation as evidence in

*Currency Conversion*.

(b)        All members of the Settlement Class release and forever discharge the Released

Parties from the Released Claims.

(c)        Upon Final Settlement Approval, each Representative Plaintiff hereby covenants

and agrees that he/she/it shall not take any step whatsoever to commence, institute, continue,

pursue, maintain, prosecute or enforce any Released Claim(s), on behalf of itself or any other

person, against the Released Parties.  Upon Final Settlement Approval, each Representative

Plaintiff hereby warrants and represents that he/she/it has not assigned, sold or otherwise

transferred any Claim that he/she/it previously had that otherwise would fall within the scope of

a Released Claim and this Section 12.

(d)        Bank of America reserves any and all rights, defenses and counterclaims that it or

any Released Party may have with respect to any Carved Out Claims asserted against the

Released Parties, including, without limitation, the right to seek to compel the arbitration of

Carved Out Claims, the right to assert a Class Action Waiver Clause with respect to Carved Out

Claims, and the right to contend that Carved Out Claims are barred or precluded by prior

arbitration awards, rulings or judgments, including awards, rulings and judgments predicated on

an Arbitration Clause or Class Action Waiver Clause.  Subject to the limitation stated in

Paragraph 13(b), the foregoing reservation of rights includes, without limitation, the right to assert and seek enforcement of Arbitration Clauses, Class Action Waiver Clauses, arbitration awards, judgments, and court rulings with respect to any and all claims relating to (i) the use of NAF arbitration proceedings to seek the collection of actual or alleged cardholder debts, and (ii) any act or omission undertaken in anticipation of, in connection with, incident to, referencing the fact or possibility of, or to enforce the results of such NAF proceedings.

(e)     Except as provided in this Settlement Agreement and subject to Rule 60(b) of the Federal Rules of Civil Procedure, Bank of America, its counsel and those acting at their behest fully and finally release Plaintiffs, their counsel and those acting at their behest for all claims that have been or could have been brought relating to the institution, conduct or settlement of the Litigation; and Plaintiffs, their counsel and those acting at their behest fully and finally release Bank of America, its counsel and those acting at their behest for all claims that have been or could have been brought relating to the defense or settlement of this Litigation.  Plaintiffs and Bank of America agree to relinquish and not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Litigation was brought or defended in bad faith or without a reasonable basis.  The Parties to this Settlement Agreement agree that the terms of the Settlement Agreement, including the amount paid by Bank of America, were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**13.**       **Application of the Settlement to After-Acquired Portfolios or Accounts, and to Transfers or Assignments to a Third Party.**

(a)       Any Consumer/Small Business Credit Card portfolios that Bank of America acquires after the date of execution of this Settlement Agreement will be conformed to the terms of this Settlement Agreement within a reasonable period of time.

(b)       With respect to any Bank of America Consumer/Small Business Credit Card cardholder agreement, account or obligation that Bank of America transfers or assigns to a third party after February 1, 2010, Bank of America will contract with said third party for said third party to abide by the provisions of Paragraph 3(c) above.

14.         **Duration of Settlement Agreement.**

Except for (i) Bank of America's obligations under Paragraphs 3(a) & (b) of this Settlement Agreement, the duration of which are addressed in Paragraphs 3(a) & (b), (ii) Bank of America's obligations under Paragraph 7(c) and Section 15, which are intended to be permanent, (iii) Bank of America's obligations under Section 5, which expire at the conclusion of the Litigation, and (iv) Bank of America's obligations under Section 16, the duration of which are addressed in Section 16, Bank of America's obligations under this Settlement Agreement will expire five (5) years after the date of execution of this Settlement Agreement.

**15.** __Attorneys' Fees and Costs.__

(a)  As set forth in paragraphs (b) and (c) of this Section 15, subject to Court approval and upon Final Settlement Approval, Bank of America shall pay to Plaintiffs' Co-Lead Counsel the sum of six hundred thousand dollars ($600,000) in attorneys' fees, costs and expenses.

(b)  Within seven (7) calendar days of Preliminary Approval of the Settlement Agreement, Bank of America shall place one hundred thousand dollars ($100,000) into an escrow account (the "Escrow") from which payments approved by the Court shall be made to Plaintiffs' Co-Lead Counsel to cover the cost of notice (including administration).  All sums expended on notice by Bank of America shall be credited against the payment of attorneys' fees, costs, and expenses due to Plaintiffs' Co-Lead Counsel by Bank of America.  Within seven (7) calendar days of Preliminary Approval of the Settlement Agreement, the up to one hundred thousand dollars ($100,000) to be advanced for notice costs shall be immediately accessible to Plaintiffs' Co-Lead Counsel for notice purposes only.  Subject to Court approval and upon Final Settlement Approval, the remaining monies in the Escrow shall be made available to Plaintiffs' Co-Lead Counsel for attorneys' fees, costs and expenses.

(c)  Subject to Court approval and within ten (10) business days of Final Settlement Approval, Bank of America shall pay to Plaintiffs' Co-Lead Counsel the sum of five hundred thousand dollars ($500,000) in attorneys' fees, costs and expenses.

(d)  Other than as expressly provided in this Settlement Agreement, Plaintiffs and Bank of America (as amongst each other) will bear their own fees, costs and expenses in the Litigation.

**16.** **Preservation of Discovery Materials.**

The Parties shall preserve all discovery materials in this Litigation until the last to occur of: (a) final resolution of *Ross, et al. v. American Express Co., et al.*, No. 04-CV-05723 (S.D.N.Y.) (WHP); (b) final resolution of *Ross, et al. v. Bank of America, N.A. (USA) et al.*, No. 05-CV-7116 (S.D.N.Y.) (WHP); and (c) final resolution of *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, Master File No. M 21-95 (S.D.N.Y.) (WHP). Within sixty (60) days after the later event described in the first sentence of this Section 16, and in accordance with the provisions of the Protective Order entered by this Court on April 20, 2009, and in force as of the date of this Settlement Agreement, Plaintiffs' Co-Lead Counsel shall take all steps appropriate to return or destroy the discovery materials produced in the Litigation by Bank of America.

**17.**          **Confidentiality Protection.**

Except as necessary to secure preliminary approval and Final Settlement Approval of this Settlement Agreement, all communications and information exchanged between Plaintiffs' Co-Lead Counsel and the parties in the course of settling the Litigation will be treated as inadmissible, undiscoverable and confidential.  Non-settlement communications and information provided by Bank of America, before or after the date of this Settlement Agreement, including, without limitation, documents, answers to interrogatories, answers to requests for admission, and deposition testimony, shall be governed by the Protective Order entered by the Court on April 20, 2009, and in force as of the Effective Date of this Settlement Agreement.

18.        **Termination or Disapproval.**

(a)        Except as provided in Paragraphs 5, 7(c), 10, 15 (as it concerns notice costs), 17, and 19, this Settlement Agreement and all of the commitments and obligations it imposes on the parties are contingent on Final Settlement Approval.

(b)        Until such time as this Settlement Agreement terminates, the parties shall continue their performance of this Settlement Agreement.

(c)        In the event that

(i) the Settlement Agreement terminates,

(ii) the Settlement Agreement is voided under Paragraph 7(c),

(iii) the Court for any reason does not enter any material part of the Final Judgment and Order of Dismissal, or

(iv) the Court enters the Final Judgment and Order of Dismissal and judicial review is sought and, on such review, such Final Judgment and Order of Dismissal is not materially affirmed such that there is no Final Settlement Approval,

then the Settlement Agreement shall become void *ab initio*, shall have no force and effect, shall impose no obligations on the Parties, and the parties shall be free to cease their performance of this Settlement Agreement, *except* that

(x) Paragraphs 7(c), 15 (as it concerns notice costs) and 19 shall remain in effect, and

(y) the Settlement and all settlement discussions between the Parties will remain inadmissible, undiscoverable, and strictly confidential to the maximum extent permitted by law.

In such case, the Parties shall immediately and jointly move the Court to vacate the Final Judgment and Order of Dismissal with Respect to Defendants Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance

28

Corporation, and HSBC Bank Nevada, N.A., to the extent any portion of the order is then in effect, with the object that the operative complaint in this matter shall be the First Amended Class Action Complaint, filed on June 5, 2009.

19.     **This Settlement Is Not an Admission.**

The Parties hereto agree that, whether or not there shall be Final Settlement Approval, this Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights, positions or privileges of any Party (except as expressly provided for in this Settlement Agreement, including, without limitation, its exhibits), and shall not be deemed or construed to be an admission or evidence of Bank of America's or any of the Released Parties' violation of any statute, law, or legal principle or of Bank of America's or any of the Released Parties' liability or participation in any wrongdoing, or of the truth of any of the allegations in the Litigation. Evidence of this Settlement Agreement or its negotiation shall not be used, directly or indirectly, in any way, whether in this matter or in any other action or proceeding, except by the Parties for purposes of implementing or enforcing the terms and conditions of this Settlement Agreement and/or the Final Judgment and Order of Dismissal.

20.     **Binding Effect.**

(a)     The Parties to this Settlement Agreement agree that the terms of the Settlement Agreement, including the amount paid by Bank of America, were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

(b)     This Settlement Agreement is binding and effective as of the date that it has been executed by each of the representatives of the Parties for whom a signature line is provided below.

(c)     All pending motions either filed by Bank of America, on Bank of America's behalf or in which Bank of America has joined are deemed moot as to Bank of America.

21.        **Integrated Agreement.**

This Settlement Agreement (including its exhibits) contains an entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties and is not subject to any term or condition not provided for herein.  This Settlement Agreement supersedes the Memorandum of Settlement executed on the MOS Date, attached hereto as Exhibit 6.  In the event of a conflict between this Settlement Agreement and the Memorandum of Settlement, this Settlement Agreement controls.  This Settlement Agreement shall not be modified in any respect except by a writing executed by duly authorized representatives of all the Parties hereto.  There shall be no waiver of any term or condition absent an express writing to that effect by the Party to be charged with that waiver (including, for non-natural Persons, by an authorized representative thereof).  No waiver of any term or condition in this Settlement Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

22.      **Headings.**

   The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

23.     **No Party Is the Drafter.**

      The Parties waive the application of any applicable law, regulation, holding or rule of construction providing that ambiguities in an agreement shall be construed against the party drafting such agreement.

24.     **Choice of Law.**

This Settlement Agreement is made in the State of New York, and all terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of New York and, as applicable, the federal law of the United States, without regard to their choice of law or conflict of laws principles; provided, however, that any exhibit hereto that expressly states that it is to be governed by the law of another jurisdiction shall be governed by the law so identified in that exhibit.

25.  **Authorization to Enter Settlement Agreement.**

    Each of the undersigned representatives of each of the Party/(ies) represents that he/she is fully authorized to enter into, and to execute, this Settlement Agreement on behalf of that Party/(ies).  Each of the Parties agrees that, in return for the agreements herein, he/she/it is receiving good and valuable consideration, the receipt and sufficiency whereof is hereby acknowledged.

26.     **Signature.**

       The Parties may sign this Settlement Agreement in counterparts, and the signature of counterparts shall have the same effect as if the same instrument had been signed. Facsimile signatures shall be considered as valid signatures as of the Signature Date, although the original signature pages shall thereafter be appended to this Settlement Agreement. This Settlement Agreement shall not be deemed signed until it has been signed by all of Plaintiffs' Co-Lead Counsel and by an authorized representative of Bank of America.

27.        **Resolution of Disputes; Jurisdiction.**

(a)        Nothing herein will be construed as affecting Bank of America's obligations to comply with all applicable law with respect to events on or after the MOS Date.

(b)        Any dispute concerning the matters contained in this Settlement Agreement, the Preliminary Approval Order, the Final Judgment and Order of Dismissal, or the Judgment Approving Attorneys' Fees and Costs, and the Disbursement of Monies Designated for Notice Costs in Connection with this Settlement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court.  The Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Settlement Agreement, the Final Judgment and Order of Dismissal, and the Judgment Approving Attorneys' Fees and Costs, and the Disbursement of Monies Designated for Notice Costs in Connection with this Settlement.

(c)        The commitments made by the parties on their own behalf or on behalf of the Settlement Class in this Settlement Agreement are enforceable by the Court as a matter of contract.   No injunction will be entered against Bank of America as part of judicial approval of the Settlement Agreement.

(1)  In the absence of a judicial finding that Bank of America or any Released Party has violated the Settlement Agreement, the Settlement Agreement will not be enforced against Bank of America or any Released Party by injunction; and

(2) In the event of a finding that Bank of America or any Released Party has violated the Settlement Agreement, the Settlement Agreement may be enforced against Bank of America or any Released Party by injunction, including one commanding specific performance of this Settlement Agreement, if warranted and available under applicable law.

38

**28.** **No Disparagement.**

(a)     In no event shall Plaintiffs' Co-Lead Counsel or the Representative Plaintiffs make any public statements that disparage the business or reputation of Bank of America based on the subject matter of the Litigation, or mischaracterize the Settlement Agreement or any of its terms, provided that this sentence does not apply to statements in any judicial proceeding, including, but not limited to, the Litigation and *Ross, et al. v. American Express Co., et al.*, No. 04-CV-05723 (S.D.N.Y.) (WHP).  Nor shall Plaintiffs' Co-Lead Counsel or the Representative Plaintiffs fail to comply with any applicable confidentiality order or confidentiality agreements or protective orders in communicating with members of the Settlement Class or otherwise.

(b)     In no event shall Bank of America or its counsel make any public statements that disparage the business or reputation of any of Plaintiffs' Co-Lead Counsel or the Representative Plaintiffs based on the subject matter of the Litigation, or mischaracterize the Settlement Agreement or any of its terms, provided that this sentence does not apply to statements in any judicial proceeding, including, but not limited to, the Litigation and *Ross, et al. v. American Express Co., et al.*, No. 04-CV-05723 (S.D.N.Y.) (WHP).  Nor shall Bank or America or its counsel fail to comply with any confidentiality order or confidentiality agreements or protective orders in communicating with members of the Settlement Class or otherwise.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has or have

agreed to be bound by its terms upon the Effective Date and has or have entered into this

Settlement Agreement.


Dated: February 23, 2010


By: _____     By: _____

Merrill G. Davidoff, Esq.              Mark P. Ladner, Esq.
Charles P. Goodwin, Esq.               William R. Wade-Gery, Esq.
David A. Langer, Esq.                  Jodi K. Miller, Esq.
BERGER & MONTAGUE, P.C.                 MORRISON & FOERSTER LLP
1622 Locust Street                     1290 Avenue of the Americas
Philadelphia, PA 19103                 New York, NY 10104
Tel: 215-875-3000                      Tel: 212-468-8000
Fax: 215-875-4604                      Fax: 212- 468-7900

Bonny E. Sweeney, Esq.                 *Counsel for Defendants Bank of America,*
COUGHLIN STOIA GELLER                   *N.A. (USA), now known as FIA Card*
  RUDMAN & ROBBINS, LLP                 *Services, N.A., and Bank of America, N.A*
665 West Broadway, Suite 1900
San Diego, CA 92101
Tel: 619-231-1058

Dennis Stewart, Esq.
Bridget Gramme, Esq.
HULETT HARPER STEWART LLP
550 West C Street, Suite 1600
San Diego, CA 92101
Tel: 619-338-1133

Christopher Burke, Esq.
Kristen M. Anderson, Esq.
SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Tel: 619-233-4565

*Plaintiffs' Co-Lead Counsel*

agreed to be bound by its terms upon the Effective Date and has or have entered into this

Settlement Agreement.


Dated: February 23, 2010


By: _____

    Merrill G. Davidoff, Esq.
    Charles P. Goodwin, Esq.
    David A. Langer, Esq.
    BERGER & MONTAGUE, P.C.
    1622 Locust Street
    Philadelphia, PA 19103
    Tel: 215-875-3000
    Fax: 215-875-4604

    Bonny E. Sweeney, Esq.
    COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS, LLP
    665 West Broadway, Suite 1900
    San Diego, CA 92101
    Tel: 619-231-1058

    Dennis Stewart, Esq.
    Bridget Gramme, Esq.
    HULETT HARPER STEWART LLP
    550 West C Street, Suite 1600
    San Diego, CA 92101
    Tel: 619-338-1133

    Christopher Burke, Esq.
    Kristen M. Anderson, Esq.
    SCOTT + SCOTT LLP
    600 B Street, Suite 1500
    San Diego, CA 92101
    Tel: 619-233-4565

    *Plaintiffs' Co-Lead Counsel*


By: _____

    Mark P. Ladner, Esq.
    William R. Wade-Gery, Esq.
    Jodi K. Miller, Esq.
    MORRISON & FOERSTER LLP
    1290 Avenue of the Americas
    New York, NY 10104
    Tel: 212-468-8000
    Fax: 212- 468-7900

    *Counsel for Defendants Bank of America,*
    *N.A. (USA), now known as FIA Card*
    *Services, N.A., and Bank of America, N.A*

40

- [Exhibit 1 to the Settlement Agreement – Proposed Preliminary Approval Order](#)

- [Exhibit 2 to the Settlement Agreement – Proposed Final Judgment and order of Dismissal](#)

- [Exhibit 3 to the Settlement Agreement – Notice Plan](#)

- [Exhibit 4 to the Settlement Agreement – Notice](#)

- [Exhibit 5 to the Settlement Agreement – Proposed Judgment Approving Attorneys' Fees and Costs](#)

- [Exhibit 6 to the Settlement Agreement – Memorandum of Settlement](#)