Exhibit "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/18/10
```

----------------------------------- x

IN RE                                           :    MDL No. 1409
                                                :
CURRENCY CONVERSION FEE                         :    M 21-95
ANTITRUST LITIGATION                            :
                                                :
                                                :
----------------------------------- x
                                                :    Index No. 05 CV 7116 (WHP)
THIS DOCUMENT RELATES TO:                       :
                                                :
ROBERT ROSS, et al.,                            :
                                                :
Plaintiffs,                                     :
                                                :
-against-                                       :
                                                :
BANK OF AMERICA, N.A, (USA) et al.,             :
                                                :
Defendants.                                     :
                                                :
                                                :
----------------------------------- x

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AS TO
DEFENDANTS BANK OF AMERICA, N.A. (USA) (N/K/A FIA CARD SERVICES, N.A.),
BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., CHASE BANK USA, N.A.,
CAPITAL ONE BANK (USA), N.A., CAPITAL ONE BANK, N.A., HSBC FINANCE
CORPORATION, AND HSBC BANK NEVADA, N.A.**

The Court having held a hearing with all interested parties who desired to be heard, and

upon review and consideration of the terms and conditions of the Stipulations and Agreements of

Settlement, including their exhibits, entered into between the Representative Plaintiffs and the

Settlement Class (defined below), by and through the Representative Plaintiffs and Plaintiffs'

Co-Lead Counsel (collectively, "Plaintiffs"), and the "Settling Defendants" (defined below), by

and through their respective authorized signatories (collectively, the "Settlement Agreements");

Upon consideration of all prior proceedings in this Litigation; and

Upon consideration of the motion for Preliminary Approval of the Settlement Agreements, and the settlement contemplated thereby, and all memoranda, affidavits and other papers and arguments submitted with respect thereto;

NOW, it is hereby ORDERED as follows:

1. The Settlement Agreements and the definitions of the capitalized words and terms contained therein, filed with the Court on February 24, 2010, are incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this litigation, *Ross, et al. v. Bank of America N.A., et al.*, 05-CV-07116 (WHP) (S.D.N.Y.) (the "Litigation"), and over all parties to the Litigation, including all members of the Class and the Subclass (collectively, the "Settlement Class") certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure in this Court's Order dated October 6, 2009:

> CLASS: All Persons holding during the Period in Suit a Credit Card under a United States Cardholder Agreement with any of the Bank Defendants[1] (including, among other cards, cards originally issued under the MBNA, Bank One, First USA and Providian brands), but not including members of the proposed Subclass, subject to an arbitration provision relating to their cards;[2] and
>
> SUBCLASS: All Persons holding during the Period in Suit a Credit Card under a United States Cardholder Agreement with Discover, which cardholders have not

---

[1] The "Bank Defendants" are: Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., Capital One Bank (USA), N.A., Capital One, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Citigroup, Inc., Citibank (South Dakota) N.A., Citibank USA, N.A., Universal Bank, N.A., Universal Financial Corp., Citicorp Diners Club, Inc., DFS Services LLC, Discover Financial Services, Discover Bank, HSBC Finance Corporation, and HSBC Bank, Nevada, N.A. The "Defendants" are the National Arbitration Forum and the Bank Defendants. The "Settling Defendants" are Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A.

[2] Use of the term "agreement" in this definition does not reflect any conclusion by the Court that there is any "agreement" between issuers and cardholders either as a matter of fact or law.

- 2 -

previously successfully exercised their right to opt out of the Arbitration of Disputes Provision.[3]

Provided, however, that Defendants (and their corporate parents, subsidiaries and affiliates), American Express (and its corporate parents, subsidiaries and affiliates), Wells Fargo (and its corporate parents, subsidiaries and affiliates), and governmental entities are not members of the Class and Subclass.

3.     The terms of this Court's October 6, 2009, order certifying the Settlement Class are incorporated by referenced into this Order.

4.     The Court hereby preliminarily approves the Settlement Agreements, and the settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, approves the establishment and funding of a fund for the Notice Plan (attached as Exhibit 3 to the Settlement Agreements), and directs the Plaintiffs and Settling Defendants to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreements and exhibits thereto, subject to this Court's authority to determine whether to finally approve said settlement.

5.     The Court hereby finds and concludes that the proposed Notice Plan, including, but not limited to, the proposed publications of notice in two general newspaper publications, the publication of notice in the *ABA Journal*, the releases on PR Newswire, and the dissemination of notice to consumer advocacy organizations (collectively, "Publication Notice"), and the content of the notices to be published, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A copy of the Publication Notice, as approved by this Court, is attached hereto as Exhibit 1.

---

[3] In referring to Discover's opt-out provision, the Court does not conclude one way or the other that Discover's opt-out provision is meaningful, effective or legally operative.

6. The Settling Defendants have timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, the Settling Defendants would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials and finds that the Settling Defendants' notifications comply fully with any applicable requirements of CAFA.

7. Heffler, Radetich & Saitta, L.L.P. ("HR&S") is hereby appointed Administrator to supervise and administer the Notice Plan (attached as Exhibit 3 to the Settlement Agreements).

8. Within seven (7) calendar days of preliminary approval of the Settlement Agreements, the Settling Defendants shall advance funds into the Escrow to cover the costs of notice (including administration), in the amounts set forth in Sections 15(b) of the respective Settlement Agreements. The Court hereby approves the payment of up to $375,000.00 for the payment of notice costs (including administration) and such funds shall be made immediately available to Plaintiffs' Co-Lead Counsel for such purposes only, subject to Plaintiffs' and Plaintiffs' Co-Lead Counsel's compliance with the terms of the Notice Plan.

9. All further proceedings in the Litigation as to each of the Settling Defendants are ordered stayed until Final Settlement Approval or termination of the respective Settlement Agreement(s), whichever occurs earlier, except (i) for those matters necessary to obtain and/or effectuate Final Settlement Approval, and (ii) as set forth in Sections 5 of the respective Settlement Agreements.

10. All Settlement Class members, and any Person actually or purportedly acting on behalf of any Settlement Class member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against each of the Settling Defendants until Final Settlement Approval or termination of the respective Settlement Agreement(s), whichever occurs earlier. This stay and injunction is necessary to protect and effectuate the Settlement Agreements, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreements and to enter final judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. The Court hereby schedules a hearing on entry of a Final Judgment and Order of Dismissal as to the Settling Defendants (the "Fairness Hearing") for July 15, 2010, at 11 a.m. in Courtroom 11D at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007. At the Fairness Hearing the Court will consider: whether the settlement on the terms and conditions provided for in the Settlement Agreements is fair, reasonable and adequate and should be approved by the Court; whether the Notice Plan should be approved; and the amount of attorneys' fees and expenses that should be awarded to Plaintiffs' Co-Lead Counsel.

12.    The date and time of the Fairness Hearing shall be set forth in, *inter alia*, the Publication Notice. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreements. At or after the Fairness Hearing, the Court may approve or reject the Settlement Agreement without further notice to members of the Settlement Class.

SO ORDERED this 18 day of March, 2010

The Honorable William H. Pauley III
United States District Judge

Notice of Proposed Settlement and Application for Attorneys' Fees

This notice is authorized by the U.S. District Court for the Southern District of New York.
The court will hold a hearing, in which you may participate, before this settlement is finally
approved.

## To: Holders of consumer or small business credit cards from Bank of America, Capital One, Chase, Citibank, Discover and HSBC.

If you (individuals, small businesses and agencies) hold a consumer or small business credit card
issued by Bank of America, Capital One, Chase, Citibank, Discover or HSBC, your rights may
be affected by the partial settlement of this class action lawsuit.

## What is this lawsuit about?

This lawsuit (called *Ross, et al. v. Bank of America, N.A., (USA)*, No. 05-cv-7116 (S.D.N.Y.))
claims that the settling defendants Bank of America, Capital One, Chase and HSBC and the non-
settling defendants Discover, Citibank and National Arbitration Forum violated federal law by
conspiring, with each other and certain non-defendants, to require that their cardholders (a) take
all legal disputes to arbitration rather than court and (b) give up any right to participate in class
actions against these credit card companies. This case is on behalf of cardholders who are
subject to arbitration clauses. Cardholders who are not subject to arbitration clauses, including
any Discover cardholders who have opted out of arbitration, are not included in the case.

Arbitration is a type of dispute resolution, where the parties agree that private arbitrators, rather
than judges in court, will decide their disputes. Class actions are a type of court proceeding
where representative individuals, who must be approved by the court, bring a lawsuit on behalf
of a class of similarly situated people or businesses.

This lawsuit alleges that defendants colluded with each other to adopt and invoke arbitration
clauses to prevent consumers from enforcing their rights under state and federal law, both
individually and in class actions. This lawsuit seeks to change the defendants' conduct with
respect to arbitration clauses and class action bans. This lawsuit never sought money damages
for cardholders. This lawsuit also seeks plaintiffs' attorneys' fees and reimbursement of their
litigation expenses.

All settling defendants and all non-settling defendants deny that they conspired with each
other or that they violated any law, and assert that they have done nothing wrong or improper.

## What is the proposed settlement?

The settlement must be approved by the court. It requires that the settling defendants cease
enforcing arbitration clauses and class action bans against their consumer and small business
credit card cardholders and that they remove arbitration clauses and class action bans from the
terms they require of their cardholders for a period of 3-1/2 years. The settlement requires the

settling defendants, subject to court review, to pay $2.35 million to defray attorneys' fees and litigation expenses, including the cost of this notice.

If approved, the settlement will bind you. It releases the settling defendants from all liability stemming from the adoption or inclusion of the arbitration clauses and class action bans in the terms they require of their consumer and small business credit card cardholders. The settling defendants are *NOT* being released from any claim for money damages that may allegedly arise from the *invocation or enforcement* of their arbitration clauses and class action bans.

**What will not be settled?**

The case will remain pending against Citibank, Discover and the National Arbitration Forum.

**Do I have to go to court?**

No, but you may. You may also hire an attorney, at your own cost. The court hearing to decide whether to approve the settlement is on July 15, 2010 at 11:00 AM at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1581. If you plan to go, check with the website at www.arbitration.ccfsettlement.com or with class counsel to confirm the time and date.

**Is there any payment to cardholders?**

No, there is no payment to cardholders in this settlement. This lawsuit seeks only to change the defendants' alleged conduct on arbitration clauses and class action bans. No money damages were or are sought in this case.

**Can I exclude myself from this settlement?**

No, you cannot exclude yourself from the settlement because the relief involves the settling defendants changing their conduct towards you and all other class members.

**What are my options?**

If you agree with the settlement, you do not need to do anything. If you disagree with the settlement or the payment of attorneys' fees, you may object to either. You must file your written objection and proof of class membership with the court. You do not have to go to court or hire an attorney, but you can at your own expense. **The deadline for objecting is June 11, 2010.** The plaintiffs' papers supporting the settlement will be filed on May 28, 2010 and will be available at www.arbitration.ccfsettlement.com within 24 hours thereafter.

**What are the Attorneys' Fees for Plaintiffs' Counsel?**

Bank of America, Capital One, Chase and HSBC have agreed to pay a total of $2.35 million in attorneys' fees and litigation expenses, including the cost of publishing and distributing this notice. Specifically, Bank of America will pay $600,000; Capital One, $650,000; Chase,

$700,000; and HSBC, $400,000. Neither you nor any class member is responsible for paying these fees and expenses, which will be paid by defendants. Plaintiffs' counsel will ask the court to approve reimbursement to them of litigation expenses and payment of the remainder as attorneys' fees. The relief to you and the class is not being reduced as a result of these payments. Plaintiffs' attorneys' fees at their regular hourly rates substantially exceed any reimbursement that may occur as a result of these settlements.

**For more information...**

This notice is only a summary. For answers to questions or more information, including complete copies of the settlement agreements and filings in support of the settlement, please visit www.arbitration.ccfsettlement.com. You may also call 1-800-654-4393. **Questions should not go to the Court, to the plaintiffs or to the settling or non-settling defendants.**